**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FLORES HERNANDEZ, | No.   20-73379 |
| Petitioner, | Agency No. A089-093-875 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Jose Flores Hernandez, a native and citizen of El Salvador, challenges the

Immigration Judge's ("IJ") determination that he lacked a reasonable fear of

persecution or torture.  We have jurisdiction under 8 U.S.C. § 1252, deny the

petition for review, and deny the motion for stay of removal as moot.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

During his reasonable fear interview, Hernandez informed an asylum officer that he was afraid the Mara-18 gang in El Salvador would harm him if he were deported. He had once reported the gang to the police after being robbed by three or four of its members. He believed he was targeted because of his wealth. Hernandez testified that the police "did investigate" the incident but closed the case because "there was no evidence." After Hernandez reported the robbery, some members of the gang kidnapped him and took him to a house where they beat him up, cut him with a knife, held him at gunpoint, and burned a cigarette on him, all while saying he "betrayed them" and that "other people will see what will happen to them if they go to the police to report the Mara-18." Hernandez did not report this second incident to the police, for fear that the gang "would catch [him] again." Hernandez testified that he did not fear harm by any public officials, such as the police. Rather, his "fear of returning to El Salvador is just with the Maras because of everything they did."

The asylum officer found Hernandez credible. But the asylum officer found that Hernandez did not establish a reasonable fear of persecution in El Salvador because there is no reasonable possibility that the harm he experienced or feared was on account of his race, religion, nationality, political opinion, or membership in a particular social group. And the officer found Hernandez did not establish a reasonable fear of torture in El Salvador because he did not establish that there is a

reasonable possibility that the harm he feared would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity. After hearing additional testimony at a reasonable fear review hearing, the IJ found that, despite his fear of "mistreatment by gang members," Hernandez had "not demonstrated that he would be persecuted" on a protected ground. The IJ entered an order stating that Hernandez had "no fear of government officials" and "no reasonable [fear] of persecution or torture."

We review the IJ's determination that a petitioner did not establish a reasonable fear of persecution or torture for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We must uphold the IJ's determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Hernandez argues that the "government of El Salvador is unable to control the gang violence and thus is considered to acquiesce in the torture perpetrated by the gangs."[1] Hernandez is correct that under Ninth Circuit precedent, government acquiescence can be established when the evidence shows that police officials were corrupt or "worked on behalf of criminals or gangsters," *see Garcia-Milian v.*

----

[1] Hernandez's argument that the asylum officer applied the wrong standard was not raised to the IJ and is thus unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

*Holder*, 755 F.3d 1026, 1035 (9th Cir. 2013), or when a public official knows that the applicant's torture "occurs and remains willfully blind to it," *see Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). But Petitioner never reported the kidnapping to the El Salvador police, and he had proof from the first incident that the police would investigate the Mara-18 gang if he reported them. Hernandez's argument thus amounts to mere speculation that public officials in El Salvador would acquiesce to his torture. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018). Thus, substantial evidence supports the IJ's determination that Hernandez did not establish a reasonable fear of persecution or torture.

Moreover, Hernandez does not sufficiently argue that he feared persecution on a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). He testified that he was robbed by the Mara-18 gang members because they knew he had money. But monetary status is not a cognizable particular social group. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–83 (9th Cir. 2021). Similarly, the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Finally, the IJ did not abuse her discretion in denying Hernandez's motion for a continuance. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2012). Hernandez argues for the first time that his attorney was prepared to submit

4

evidence of country conditions in El Salvador. He argues exceptional circumstances caused the delay, 8 C.F.R. § 208.31(d), because COVID-19 restrictions delayed the immigration court's acceptance of documents. But the IJ could not have abused her discretion because she did not know that Hernandez's attorney wanted to submit more evidence; the motion advanced only a scheduling conflict. At the hearing, the attorney did not reference any additional evidence. And the IJ does not violate a non-citizen's "statutory entitlement to counsel by denying a non-citizen's request for a continuance beyond the ten-day mark just so the non-citizen's counsel can further prepare for the hearing." *Orozco-Lopez v. Garland*, 11 F.4th 764, 778 (9th Cir. 2021). Hernandez also argues that in a reasonable fear determination hearing, the petitioner is allowed to submit additional evidence to bolster his claim. 8 C.F.R. § 1003.42(d)(1). But he never offered or referenced any. And the evidence he tells us he would have offered are generalized country conditions that do not show that Hernandez would be tortured by government officials, or that they would acquiesce to any harm he might face in El Salvador.

**PETITION DENIED.**